

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0551-10

**WILLIAM THOMAS LEONARD, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE ELEVENTH COURT OF APPEALS
### TARRANT COUNTY

HERVEY, J., filed a concurring opinion in which KELLER, P.J., and KEASLER, J., joined.

### CONCURRING OPINION

I join the Court's opinion, but I write separately to comment that the dissent disregards a key part of our holding in *Hernandez v. State*, 116 S.W.3d 26 (Tex. Crim. App. 2003). In *Hernandez*, we emphasized that appellate courts may not be "independent scientific sleuths to ferret out the appropriate scientific materials." *Id.* at 31. The trial court is the proper venue for the presentation of scientific articles and learned treatises.

*Id.* at 30.  After all, "[t]he trial court hearing is the main event for *Daubert/Kelly* gatekeeping hearings; it is not a try-out on the road to an appellate scientific seminar."  *Id.*

Although the dissent cites to *Hernandez*, it does precisely that which we prohibited by relying on Professor Faigman's *Modern Scientific Evidence* and the National Research Council's *The Polygraph and Lie Detection*, materials not presented to the trial court. "An appellate court that consults scientific literature on its own initiative thrusts itself into the position of a fact finder–a position appellate courts traditionally do not occupy and for which they are ill-suited."  *Hernandez*, 116 S.W.3d at 32 (Keller, P.J., concurring).

With these comments, I join the Court's opinion.

Hervey, J.

Filed: March 7, 2012

Publish